UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER HORTON,

    Plaintiff,

v.                                            Case No. 8:21-cv-435-WFJ-SPF

KILOLO KIJAKAZI
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

    Before the Court is Plaintiff's complaint seeking judicial review of the Acting Commissioner of the Social Security Administration's ("the Commissioner") decision denying Plaintiff Disability Insurance Benefits (Dkt. 1), and the well-reasoned report of United States Magistrate Judge Christopher P. Tuite recommending that the decision of the Commissioner be affirmed (Dkt. 34). Plaintiff, through counsel, has filed timely objections. Dkt. 35.

    When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*,

896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on two grounds which will be addressed in turn.

## I. Resolving Conflicts under Social Security Ruling ("SSR") 00-4p

Plaintiff first argues that, by failing to resolve an apparent conflict between vocational expert ("VE") testimony and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), the administrative law judge ("ALJ") issued a decision unsupported by substantial evidence. Dkt. 35 at 1–4. According to Plaintiff, said conflict arose when the VE indicated that the following jobs comply with the ALJ's prohibition against production pace/assembly line pace work: laundry worker, kitchen helper, and hand packager. *Id.* at 4. Plaintiff also maintains that the magistrate judge erred in limiting the ALJ's conflict resolution obligation under SSR 00-4p and applicable case law to apparent conflicts between VE testimony and the Dictionary of Occupational Titles ("DOT") alone. *Id.* at 3.

As an initial matter, the magistrate judge did not limit the ALJ's conflict resolution obligation in any such way. The magistrate judge merely indicated that

2

Plaintiff failed to "submit any legal authority establishing that the ALJ or the VE must consider SkillTRAN as a vocational resource . . . ." Dkt. 34 at 25. Plaintiff improperly reinterprets this statement as a limitation directive relating to SCO-based conflicts on the ground that SkillTRAN uses the SCO a data source. But that is not its only source of data. Dkt. 32-1 at 7. And, as the magistrate judge noted, there is caselaw suggesting that SkillTRAN need not be considered an equal to the SCO. Dkt. 34 at 25 (citing *Olney v. Comm'r of Soc*. Sec., 2018 WL 4760799, at *12–13 (M.D. Fla. July 30, 2018) (noting that the DOT titles for certain positions did not contain references to temperament requirements and that the claimant's "lay interpretation of the temperament codes in a Job Browser Pro report" did not undermine the reliability of the VE's opinion)).

Notwithstanding, as further noted by the magistrate judge, Plaintiff has not demonstrated an apparent conflict even if SkillTRAN is treated as an acceptable substitute. Indeed, the fact that the aforementioned jobs may require tending machines or using a conveyor does not indicate the pace required by those occupations. Dkt. 34 at 26 (citing *Gray v. Comm'r of Soc. Sec.*, 2019 WL 2210677, at *7 (M.D. Fla. Feb. 1, 2019) ("[The claimant] offers no support for her inferential leap that [representative jobs purportedly requiring a temperament of 'R'] necessarily include fast paced or high production work goals, as distinguished from set procedures, pace or limits.")). Thus, while "[t]he failure to properly [resolve

3

apparent inconsistencies] means that the ALJ's decision is not supported by substantial evidence[,]" the Court finds no failure here. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). Plaintiff's first objection is therefore without merit.

## II.   Evaluating the Persuasiveness of Medical Opinions

Plaintiff subsequently argues that the ALJ erred in failing to evaluate the persuasiveness of Dr. Robert McClelland's June 2014 letter. Dkt. 35 at 4–9. The opinions therein, Plaintiff maintains, cannot be fairly characterized as opinions about Plaintiff's general ability to engage in "substantial work activity." *Id.* at 6. Rather, they collectively constitute a medical opinion. *Id.* Plaintiff consequently argues that said letter was mischaracterized by the magistrate judge and improperly ignored by the ALJ. *Id.* at 6–7.

"The threshold question in determining whether the ALJ was required to weigh [Dr. McClelland's June 2014 letter] is whether the [letter] constituted a "medical opinion" [or "other medical evidence"] for purposes of the regulations. *Rivera v. Comm'r of Soc. Sec.*, 2021 WL 3602839, at *4 (M.D. Fla. Aug. 13, 2021) (citations omitted). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities . . . ." 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical

4

source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3). An ALJ is not required to assess "other medical evidence" for persuasiveness. *See Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) ("The administrative law judge was not required to state what weight he assigned to medical records that did not qualify as medical opinions. An administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion.").

Here, Dr. McClelland's letter is primarily "other medical evidence" because it consists of diagnoses, judgments about the nature and severity of Plaintiff's impairments, and several recommendations, including that Plaintiff "is unable to run [his] electrical contracting business due to persistent neurological symptoms from an Active Lyme case," and that "his recent history is compelling and should be the basis for his release from the franchise contract[]" (Tr. 251). *See Harrington v. Kijakzi*, No. 20-CV-10954, 2021 WL 3486278, at *6-7 (E.D. Mich. Aug. 9, 2021) (finding that a medical report consisting of clinical findings, diagnoses, several recommendations, and a finding that claimant would have difficulty working is considered "other medical evidence"). The remainder of Dr. McClelland's letter, moreover, can be considered "[e]vidence that is inherently

neither valuable nor persuasive" due to its focus on Plaintiff's ability to engage in substantial gainful activity. 20 C.F.R. § 404.1520b(c)(3)(i). As such, the ALJ was not obligated to address it. *Jones v. Comm'r of Soc. Sec.*, 2021 WL 4352383, *5 (M.D. Fla. Sept. 24, 2021) (finding that an ALJ does not have to consider or discuss a conclusion that the claimant was unable to work because that is an issue reserved for the Commissioner) (citing 20 C.F.R. § 404.1520b(c)); *Marshall v. Kijakazi*, 2021 WL 4168107, at *4 (M.D. Fla. Sept. 14, 2021) (finding a physician's assertion that "the [claimant was] unable to work" to be a "statement[ ] on an issue reserved to the Commissioner," which, under the new Regulations, is "inherently neither valuable nor persuasive" and need not be addressed at all by the ALJ) (internal quotation marks and citations omitted) (quoting 20 C.F.R. § 404.1520b(c); *Levie v. Berryhill*, 757 F. App'x 834, 837 (11th Cir. 2018) (per curiam) ("While we have previously said that an ALJ has an obligation to explain the weight given to obviously probative evidence, treatment notes from a non-acceptable medical source that were taken five to seven years prior to the claimant's alleged onset of disability are not obviously probative.") (internal quotation marks and citations omitted). Plaintiff's second objection therefore fails.

     Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ and all the medical records, with regard to each specific objection lodged by Plaintiff, the Court agrees with the thorough report of

the magistrate judge.  The ALJ applied the correct legal standards in reaching a decision which was supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 35) are overruled.

2) The report and recommendation (Dkt. 34) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 23, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record